### JOHN D. ANDREWS *v.* SAMUEL CHAPMAN.

APPEAL from the District Court of the First District, *Buchanan,* J.

*Cohen,* for the plaintiff.

*F. H. Upton,* for the appellant.

MARTIN, J. The defendant is appellant from a judgment which decrees the property of a slave, claimed by him, to the plaintiff. He claims under a sale from Johnson. The plaintiff does not deny the sale, nor does he attribute any improper motives to the defendant; but avers, that he was deceived by his vendor, the purchase being evidently *a non domino.*

The counsel for the defendant and appellant has assigned as errors apparent on the face of the record: 1st, that Johnson, cited in warranty, was not before the court; 2d, that the cause was twice before the court, to wit, on the 28th of June, and the 14th of November following; that on the first occasion, evidence by the plaintiff was introduced, when the cause, being admitted to be incorrectly on trial, was continued; and that the same evidence was read on the second occasion, although as to the defendant it was *ex parte,* and as to Johnson, *res inter alios acta.*

There is nothing in this assignment of errors. There was no judgment against Johnson, and he is no party to the appeal. Neither the appellant, nor his counsel attended the trial in November, and no objection was made to the introduction of any evidence. There is a bill of exceptions to the introduction of certain documents from the republic of Texas. But the official capacity of the persons before whom they were taken, being

certified by the consul of the United States there, under the act of 1840,* and their signatures being proved by witnesses, they were, in our opinion, correctly admitted.

On the merits, which have been submitted to us, the question is one of fact only. The title of the plaintiff was duly proved, and it does not appear that the judgment ought to be disturbed.

*Judgment affirmed.*

---

* The act of 28 February, 1837 (Acts of '37 p. 33), is, doubtless, the statute referred to.